ANDERSON *v.* RICE.

Contempt.

> Order of circuit judge denying plaintiff's petition that defendant be punished for contempt is affirmed, on appeal.

Appeal from Kent; Dunham (Major L.), J.  Submitted June 7, 1932.  (Docket No. 17, Calendar No. 36,501.)  Decided September 16, 1932.

Contempt proceedings by Martin C. Anderson against Harold Rice to enforce decree as to water drainage rights.  Petition dismissed.  Plaintiff appeals.  Affirmed.

*Dean S. Face,* for plaintiff.

*Seth R. Bidwell* (*Robert C. C. Heaney,* of counsel), for defendant.

NORTH, J.  This is an appeal from an order of the circuit judge dismissing plaintiff's petition that defendant be punished for contempt.  Plaintiff and defendant owned farms separated by a north and south highway; defendant's land being the easterly parcel.  The original decree restrained each of the parties from obstructing or altering the natural flow of surface water.  At intervals there was an accumulation of water on the easterly portion of defendant's land.  The primary outlet for this water was in a northerly direction; but defendant claims in times of high water it also drained in a westerly direction onto plaintiff's land.  Without defendant's knowledge, plaintiff, trespassing upon defendant's land, altered the surface condition so as to interfere with the flow of water to the west and diverting it to the north, where it went upon other lands of defendant.  In apparent retaliation defendant reversed the physical conditions by filling up the ditch to the north and preventing the flow in that direction and opening a ditch to the west so that the water would flow in a westerly direction and upon plaintiff's land.  The suit for injunction followed.  At the hearing no

proofs were taken, but the parties and their respective attorneys came to an agreement in consequence of which the circuit judge entered the decree above mentioned. In addition to the provisions noted the decree also provided:

"That the said defendant, Harold Rice, be and he is hereby enjoined that he shall at once remove the said embankment or ditch to the north of said depression or marsh which was obstructed by him as aforesaid and reopen said watercourse so as to permit the free flowing of water from said marsh or depression toward the north, and that he shall fill up said ditch dug by him to the west end toward the land of said plaintiff so that it shall conform to the level of the land immediately adjacent to it."

In the contempt hearing defendant admitted on cross-examination that he had not performed any of the acts commanded by the above-quoted portion of the decree; but in explanation of this there was testimony tending to show that prior to the date of the decree the natural flowage conditions had been restored. After taking the testimony of the respective parties somewhat at length the circuit judge made the following finding:

"The testimony shows the defendant has done nothing to increase the flow of the water to the west and onto plaintiff's land, and that at no time has there been any greater quantity of water flowing to the west and onto plaintiff's land than that going in its natural drainage course and the way it has been going for at least 45 years.

"The evidence shows that the course of the water has not been increased either in the northerly direction or the westerly direction over its natural course for many years.

"The claim of the plaintiff that defendant violated the terms of said decree has not been sustained, as

there is no evidence of any violation of said decree by defendant, and the prayer of plaintiff's petition is denied, with costs to defendant, and a motion fee of $10.''

In 6 R. C. L. p. 490, it is said:

''Civil and Criminal Contempts Distinguished.— Proceedings for contempts are of two classes—those prosecuted to preserve the power and vindicate the dignity of the courts and to punish for disobedience of their orders, and those instituted to preserve and enforce the rights of private parties to suits, and to compel obedience to orders and decrees made for enforcing the rights and administering the remedies to which the court has found them to be entitled.'' Citing numerous cases.

Without passing upon the question as to whether the denial of the relief sought by a petitioner in a contempt proceeding is reviewable (see *People, ex rel. Dean,* v. *Railroad Co.,* 137 Mich. 673), the instant case may be disposed of on the ground that a careful consideration of the contents of the record discloses no reason for disturbing the finding of the trial judge. The only fair and reasonable construction to be placed upon the original decree is that it was adjudicated that neither party should disturb the natural flow of the water. We are not prepared to say that in this contempt proceeding the judge's finding that there had been no violation of the decree in this regard is not sustained by the proof.

The order denying the petition for contempt is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.